CHARLES S. COLE vs. HETTIE A. HAWLEY ET ALS.

Third Judicial District, Bridgeport, October Term, 1920.

WHEELER, C. J., BEACH, GAGER, CASE and HAINES, Js.

The plaintiff, who had been a testamentary trustee for several years until his resignation in September, 1915, sought to recover, in the first count in his complaint, moneys which he had advanced out of his own personal funds to the testator's widow, H, at her request, in order that the "net income" given her by the will might equal $250 a month, a sum which she assured the trustee she required for her support. *Held* that the moneys so advanced were not voluntary payments made in violation of the trust, but were loans made by the plaintiff as an individual, for the repayment

of which the law would imply a promise upon the part of H, the
life beneficiary.

On the day the plaintiff resigned (September 30th, 1915), he, H, and
her daughters who would become life beneficiaries on their mother's
death, executed a writing wherein all parties "mutually agreed"
that $2,078 was due the plaintiff for moneys advanced for the
purposes of the trust, and the plaintiff agreed that said sum might
be repaid to him in prescribed monthly payments without in-
terest. The writing also contained mutual releases of all claims
and demands, the plaintiff's release including, also, any claim or
demand he might have upon his successor in the trust. *Held* that
by executing this writing, under these circumstances, H tacitly
agreed to make the monthly payments therein specified, although
the instrument contained no express promise so to do; and there-
fore the statute of limitations, which the defendant H had at-
tempted to set up by way of demurrer, ran from the date of this
writing and was not available as a defense.

As a further ground of demurrer, the defendant H insisted that the
plaintiff's claim under the first count had been released by the
foregoing instrument. *Held* that the parties obviously did not
intend to release by that instrument the very indebtedness which
they acknowledged therein, and which formed the consideration
of their agreement.

During his trusteeship the plaintiff turned over to the widow, ostensibly
as "net income," moneys which he should have used in payment
of a year's taxes and in reduction of $1,000 of the mortgage in-
debtedness. It did not appear that she knew of these misapplica-
tions of the income, or that she was receiving anything more than
was justly due her, until the final accounting and resignation of
the trustee in September, 1915. Two years later he was compelled
to restore to the trust fund the moneys so misapplied, in a suit by
the testator's daughters, the prospective life beneficiaries; and in
the second count of his complaint in the present action he sought
to recover these moneys. *Held* that the only foundation for any
liability on the part of the widow to reimburse the plaintiff for
these misapplications of trust funds, must rest upon the finding
that at the time of the plaintiff's appointment as trustee she re-
quested him to advance her from the current income the sum of
$250 per month, which she represented was needed for her sup-
port, notwithstanding the income was insufficient to sustain such
advancements; that the right of the plaintiff to reimbursement,
whether from the trust fund subsequently accruing or from H
personally, arose when the advances were made, and was conse-
quently released by the written agreement of September 30th, 1915.

In her counterclaim H sought to recover for certain secret discounts
and commissions received by the trustee amounting to $1,723, of

Cole *v.* Hawley.

which no mention was made in his accounts; and the plaintiff thereupon contended that H was estopped from insisting, in her defense, upon the very release which she herself had thus repudiated. *Held* that inasmuch as it did not appear that she knew of these discounts and commissions when the mutual release was signed, and that the plaintiff in his answer to the counterclaim did not urge the release but denied that he had in fact received any such discounts, there was no basis for any inference that she did know of them when the release was executed, and therefore no foundation for the claim of estoppel.

An agreement or understanding that the unpaid taxes and mortgage indebtedness "would be repaid from the net income by the trustee succeeding" the plaintiff, was made prior to the release. *Held* that such agreement was apparently superseded by that instrument, which purported to contain a comprehensive settlement of the entire subject-matter.

A motion to expunge which alleges, in effect, that all of the essential averments of a complaint are immaterial and irrelevant, should be denied. Such a motion is practically a demurrer and should be pleaded as such.

Ordinarily a defense of the statute of limitations should be set up in the answer; but if the complaint purports to anticipate such a plea and to overcome its effect by appropriate allegations, it is permissible to raise the issue of the statute by a demurrer.

Argued November 9th—decided December 22d, 1920.

ACTION by a former testamentary trustee to recover from the life beneficiary moneys advanced to her by such trustee from time to time in excess of the net income of the trust fund, and for an order requiring the application of subsequently-accruing income to the repayment of such advances, brought to the Superior Court in Fairfield County where the defendants' motion to expunge was denied and their demurrer to the complaint was overruled (*Maltbie, J.*), the plaintiff's motion to strike out portions of the answer was granted and his demurrer to certain paragraphs thereof was sustained (*Kellogg, J.*), and the cause was afterward tried to the court, *Curtis, J.;* facts found and judgment rendered for the plaintiff for $4,710 against the defendant Hettie A. Hawley and in favor of the other

defendants, from which the said Hawley appealed. *Error in part and new trial ordered.*

The plaintiff was formerly trustee under the will of Edward A. Hawley, and the entire trust estate consisted of real property subject to mortgages. By the will the trustee was required, after the payment of interest, taxes, repairs, etc., to pay $1,000 in each year upon the principal of the mortgage indebtedness, and to pay the net income in quarterly payments to the testator's widow, the defendant Hettie A. Hawley, for life, and at her death to her two daughters and to the survivor of them, with remainder to the children of the daughters, and in default of children to the Bridgeport Orphan Asylum.

This action is brought against Mrs. Hawley, her daughters, and the present trustee. The complaint alleges that at Mrs. Hawley's request and upon her representation that she required $250 a month for her support, the plaintiff made advances to her, out of his own funds, from time to time, in excess of the net income of the trust estate, and that on September 30th, 1915, when he resigned as trustee, it was mutually agreed between the plaintiff and the defendants other than the defendant trustee, by a written contract, Exhibit L, that the sum of $2,078.45 was due to the plaintiff on account of moneys advanced by him for the purposes of the trust, and further agreed that the defendants should pay that amount to the plaintiff in monthly instalments without interest. The cause of action stated in the first count is for the breach of that agreement. The second count alleges, in substance, that because of Mrs. Hawley's request that she be paid $250 a month, the plaintiff paid her from time to time out of trust funds in his hands sums in excess of net income, and was for that reason unable to make one payment of $1,000 on the principal of the mortgage

indebtedness, and was unable to pay the taxes on the list of 1914; that in 1917 the plaintiff was compelled, by decree of court in an action brought on behalf of the prospective remaindermen, to pay the sum of $2,323.06 to his successor in trust to make good the above-named deficiencies. The plaintiff claims $5,000 damages and a decree requiring the present trustee to turn all the net income of the trust over to him until the judgment is satisfied.

Motions to expunge were denied and a demurrer to the complaint overruled. The defendants' answer included a number of special defenses, some of which were struck out on motion as attempts to relitigate matters already determined by the overruling of the defendants' demurrer to the complaint, and others were held insufficient on demurrer. The defendant widow then filed a counterclaim, charging that the plaintiff had failed to credit the estate with discounts and commissions secretly received by him as trustee. These charges were denied, and the issues thus raised were referred to a committee, who found and reported the facts to the court. The court found the issues arising under the first and second counts of the complaint for the plaintiff, as against Mrs. Hawley only, and the issues arising under the counterclaim in favor of Mrs. Hawley, and rendered judgment against her for a balance of $4,710.87, and that the present trustee pay over the entire income of the trust estate to the plaintiff during the life of Mrs. Hawley, until the judgment against her was satisfied.

*Henry C. Stevenson,* for the appellant (defendant Hettie A. Hawley).

*William H. Comley, Jr.,* and *Samuel F. Beardsley,* for the appellee (plaintiff).

Cole *v.* Hawley.

BEACH, J.   All of the paragraphs of the defendants' motion to expunge parts of the complaint, except those numbered 3, 4, 5 and 8, attempt to raise issues of law, and are repeated in the demurrer, where they properly belong.   The excepted paragraphs practically cover the whole complaint, and allege in effect that every one of its essential allegations is immaterial and irrelevant. For that reason the motions were properly denied.

Paragraphs 1, 2, 4, 6 and 9 of the demurrer assert, in various forms, the proposition that the whole complaint is insufficient because the written contract, Exhibit L, printed in the foot-note, contains no promise

---

*EXHIBIT L.*

THIS INDENTURE, made this 30th day of September, 1915, by and between CHARLES S. COLE, of Bridgeport, Connecticut, of the one part, and HETTIE A. HAWLEY, of said Bridgeport, ELLA HAWLEY ROPER, of New York City, and HATTIE L. MILLER, of Albany, New York State, of the other part, WITNESSETH:

That the said Charles S. Cole has resigned as Trustee under the Will of Edward A. Hawley, late of Bridgeport, Conn., deceased, and has rendered a full account of all moneys received and expended by him in his said capacity, and that by such account there appears to be due to the said Charles S. Cole the sum of Two Thousand and seventy-eight & 45/100 Dollars ($2078.45) on account of moneys advanced by the said Charles S. Cole for the purpose of said trust, and that it is mutually agreed by and between all of the parties hereto that the said sum is in fact due to the said Charles S. Cole;

That the said Charles S. Cole agrees that the said sum may be repaid to him in instalments, as follows: Twenty-five Dollars ($25) on the first days of each and every month, beginning with the first day of November 1915, ·until and including the first day of April 1916, and beginning with the first day of May 1916, Fifty Dollars ($50) on the first days of each and every month thereafter until the entire sum shall be paid; without interest.

And in consideration thereof, the said Hettie A. Hawley, Ella Hawley Roper and Hattie L. Miller, and each of them, do hereby for themselves and their respective legal representatives release and absolutely and forever discharge the said Charles S. Cole, both individually and as such Trustee, and also as an officer and stockholder in the corporation known as "Charles S. Cole, Incorporated," of and from all claims and demands, actions, and causes of action, of every name and nature;

And in consideration thereof, the said Charles S. Cole, individually

Cole *v.* Hawley.

by any of the defendants to pay the amount, therein admitted to be due, to the plaintiff on account of moneys advanced for the purposes of the trust. True, it contains no express promise of that kind, but the other allegations of the first count make it clear that these advances were made by the plaintiff out of his own funds to the defendant Mrs. Hawley at her request. The complaint also alleges an express promise that the plaintiff might reimburse himself for these advances out of subsequently accruing income of the trust property. The trial court has found that no such express promise was made, but, without it, the law would imply a promise on Mrs. Hawley's part to repay to the trustee advances made to her at her request out of his own funds.

On April 30th, 1915, the trustee resigned, and on the same day Exhibit L was executed, which contains an acknowledgment by Mrs. Hawley and the prospective life tenants that the sum of $2,078.45 is due the plaintiff for advances made by him for the purposes of the trust, and an agreement by the plaintiff that he would accept payment in the form of monthly instalments without interest. By executing the instrument the defendants

and as such Trustee, and as an officer and stockholder in said "Charles S. Cole, Incorporated," does hereby release and absolutely and forever discharge the said Hettie A. Hawley, Ella Hawley Roper and Hattie L. Miller and each of them, and his successor or successors as such Trustee, of and from all claims and demands, actions and causes of action of every name and nature.

IN WITNESS WHEREOF, the said parties have hereunto set their hands and seals and unto a duplicate instrument of the same tenor the day and date first above written.

|  |  |
|---|---|
| CHAS. S. COLE | L. S. |
| HETTIE A. HAWLEY | L. S. |
| ELLA HAWLEY ROPER | L. S. |
| HARRIET HAWLEY MILLER | L. S. |

As to all but H. L. M.
IN PRESENCE OF
SAMUEL F. BEARDSLEY
THOMAS M. CULLINAN

assented to this proposed arrangement. In considera-
tion of their acknowledgment and assent, the plaintiff
released the life tenants, and also his own successors
in the trust, from all claims and demands of every kind.
Considering the circumstances surrounding the execu-
tion of Exhibit L, and also the release of the incoming
trustee, the document points exclusively to the life
tenants as the persons who were expected to pay the
agreed indebtedness in instalments, and its execution
by Mrs. Hawley was in effect a tacit promise on her
part to do so.

The fifth paragraph of the demurrer assumes that
the plaintiff's cause of action is based on his own viola-
tion of the trust, and also that all the payments sought
to be recovered were voluntary overpayments and
therefore not recoverable. *Fanning* v. *Main*, 77 Conn.
94, 98, 58 Atl. 472. It is, however, clear that the
advances made by the plaintiff out of his own pocket,
at Mrs. Hawley's request, were neither voluntary
payments nor payments in violation of the trust, but
loans made by the plaintiff as an individual. As this
ground of demurrer is addressed to the complaint as a
whole, it was properly overruled. Whether it would
have been good if addressed to the second count only,
is a question which was not presented to the trial court
for decision.

In another paragraph, the demurrer attempts to set
up the bar of the statute of limitations. Assuming that
the complaint purports to state, by way of anticipation,
the plaintiff's whole defense to a possible plea of the
statute of limitations, so that it is permissible to present
that issue by demurring to the complaint (*O'Connor* v.
*Waterbury*, 69 Conn. 206, 210, 37 Atl. 499; *Radezky* v.
*Sargent & Co.*, 77 Conn. 110, 114, 58 Atl. 709), the
demurrer on this ground is also bad because it runs to
the whole complaint, and because Exhibit L, dated

September 30th, 1915, contains a new acknowledgment of the indebtedness on which the first count is based. For the same reasons the demurrer, on the ground that Exhibit L releases all claims and demands against the defendants, is bad, for it is plain that it was not intended to release the very indebtedness which is acknowledged therein. The other grounds of demurrer call for no special mention, and there was no error in overruling them.

We take up next the motions to strike out certain defenses set up in the defendants' answer. We are of opinion that there was no error in granting these motions, except as to the second defense to the second count, which was struck out on the theory that the effect of Exhibit L as a release of the claims stated in the second count had already been passed on in overruling the demurrer. This was a mistake. As already stated, the only issue of release raised by the demurrer was whether Exhibit L released all the claims stated in the complaint. Whether it released the particular claims alleged in the second count, is another and a different question; and it should not have been summarily struck out on motion. The effect of this erroneous ruling will be hereafter considered.

It is unnecessary to discuss the rulings sustaining the demurrer to the sixth defense to the first and second counts, because the matters therein alleged were afterward set up by way of counterclaim by Mrs. Hawley, and the issues arising thereon have been found in favor of that defendant.

The motions to correct the finding are denied. They relate principally to the finding, made on conflicting testimony, that at the time of the plaintiff's appointment as trustee the defendant Mrs. Hawley requested him to advance her from current income the sum of $250 a month, whether the net income of the trust

estate was sufficient to meet such advances or not; and
to other findings, to the effect that she knew from time
to time the aggregate amount of the advances which
the plaintiff made out of his own funds and which are
the subject of the first count. These findings are sup-
ported by the testimony that the trustee rendered her
monthly statements in addition to his annual accounts,
and by her final acknowledgment of indebtedness in
Exhibit L, which corresponds exactly in amount with
the trustee's final account.

Coming, now, to the litigated issues. It will be
apparent from what has been said that the plaintiff was
entitled to recover under the first count. We have
already held that Exhibit L does contain a promise on
Mrs. Hawley's part to pay the indebtedness therein
acknowledged to be due the plaintiff; and we need only
add that the finding shows that Mrs. Hawley herself
put the same construction on Exhibit L, by paying to
the plaintiff four of the instalments provided for.

The recovery on the second count stands on a very
different footing. The sums recovered under this
count were not loans made by the plaintiff out of his
own funds. They were payments made to Mrs. Hawley
by the trustee out of trust funds in excess of the net
income to which she was entitled, and to that extent
they were unauthorized misapplications of trust funds
by the trustee. There is no allegation or finding that
Mrs. Hawley knew, at the time these payments were
made, that she was receiving anything in excess of the
net income. On the contrary, the finding is that up to
the time of his last account there was no information
given by Cole of any overpayments made to her in
excess of $1,142.39, which was Cole's credit balance
(for advancements out of his own funds) in the account
next before the last one; and that she never had any
other information, either orally or otherwise, except

such as the accounts furnished. When the plaintiff's final account, dated September 17th, 1915, was filed, Mrs. Hawley was for the first time informed by it that the taxes on the list of 1914 had not been paid; but the fact that the trustee had not made the annual payment of $1,000 on the principal of the mortgage indebtedness, never appeared in any account, except by its omission, until after he had resigned and his successor had been appointed. It is, however, found that at the time of the plaintiff's final accounting, that is, sometime between September 17th, when the account is dated, and September 30th, 1915, when it was accepted, it was well known to Mrs. Hawley and to her counsel that neither the 1910 instalment on the mortgage indebtedness, nor the taxes on the list of 1914, had been paid. That is to say, all the facts alleged in the second count as having occurred up to that time, were known to both parties when Exhibit L was executed on September 30th, 1915.

Exhibit L purports to be a settlement of accounts between Mrs. Hawley and the plaintiff, accompanied by mutual general releases under seal, and its apparent legal effect is to release and discharge all claims then known and then in existence which either had against the other. It is argued that the plaintiff's claim against Mrs. Hawley, in respect of the overpayments out of trust funds, did not arise until he was compelled by decree of court in 1917 to make them good out of his own pocket; and was for that reason not released by Exhibit L. We think, however, that on the record before us the only foundation for any liability on Mrs. Hawley's part to reimburse the plaintiff for these overpayments, must be based on the finding that at the time of the appointment of the plaintiff as trustee Mrs. Hawley requested him to advance her, from the current income of the trust, the sum of $250 per month,

which amount she said she needed for her support, notwithstanding that the net income was insufficient to sustain such advancements. In the absence of such a request, it is at least doubtful whether overpayments of income to the life tenant, without any knowledge on her part that they were overpayments, could be recovered. *Fanning* v. *Main*, 77 Conn. 94, 58 Atl. 472; *Ferguson* v. *Yard*, 164 Pa. St. 586, 595, 30 Atl. 517. On the other hand, the authorities hold, on familiar principles, that advances of trust funds, made to a life tenant pursuant to his request, may be recovered by the trustee. 2 Perry on Trusts (6th Ed.) § 485; *Raby* v. *Ridehalgh*, 7 DeGex, M. & G. 104; *Oellien* v. *Galt*, 150 Mo. App. 537, 131 S. W. 158. But they also hold that the right to reimbursement arises when the advances are made, and that the trustee may protect himself by withholding net income to make good any deficiency created thereby, without waiting until he is compelled to make the deficiency good out of his own funds. 2 Perry on Trusts (6th Ed.) § 485; *Oellien* v. *Galt, supra.* That must be so, for it is the duty of the trustee to be diligent in making good any temporary deficiency in the trust fund, which he may have been overpersuaded into creating. We are of opinion that the trustee's claim against the net income of the trust, for the purpose of making good the deficiencies set forth in the second count, arose when the advances which created the deficiencies were made; and the plaintiff's intention to release all claims against net income, as well as all claims against Mrs. Hawley personally, is evidenced by the inclusion of his successor and successors in trust in the release contained in Exhibit L.

It is also contended that Mrs. Hawley is estopped from setting up Exhibit L as a release, because she has claimed in her counterclaim, and has been credited on the judgment with, secret discounts and commissions

received by the trustee, amounting to $1,722.98; and has thus repudiated her release of the trustee. The validity of this contention depends on the claim that Mrs. Hawley knew of these secret discounts and commissions when Exhibit L was executed. It is found that she knew of such discounts to the amount of $121.67, for which the trustee accounted in his final account, but there is no finding that she knew of the discounts claimed and recovered under her counterclaim; and in view of the fact that the trustee in his answer to the counterclaim denies that he had received such discounts, and did not claim that they had been released by Exhibit L, although he did claim that he had been discharged by the acceptance of his final account not appealed from, we can find no basis for any inference that she must have known of them when Exhibit L was executed.

It is found that at some time, not otherwise identified than at the time of the plaintiff's final accounting, it was understood and agreed between the plaintiff and the defendants that the unpaid items of taxes and mortgage indebtedness "would be repaid from the net income by the succeeding trustee." This agreement was made before Exhibit L was executed, and was apparently superseded by Exhibit L, which on its face purports to contain a comprehensive settlement of the entire subject-matter.

The vice of this record is that the defendant Mrs. Hawley was stripped of her defense of release of the cause of action stated in the second count, by the erroneous ruling of the court in summarily striking out that defense on motion.

In the finding, the amounts of money found due to the plaintiff under the first and second counts are separately stated, as well as the amount found due the defendant Mrs. Hawley under her counterclaim; and

the conclusions we have reached lead to the result that the judgment for the plaintiff on the first count, for $2,529.44, and the judgment for the defendant on the counterclaim, for $1,722.98, were correct; and that the judgment for the plaintiff on the second count, for $3,904.21, was erroneous.

There is error, the judgment is set aside and the cause remanded with direction to enter judgment for the plaintiff for the balance of $806.46, due the plaintiff after setting off the judgment on the counterclaim against the judgment on the first count. A new trial is ordered on the issues arising under the second count.

In this opinion the other judges concurred.