JOSEPH E. ROSATTI, Respondent, v. COMMON SCHOOL DIS-
TRICT, NO. 96, CASS COUNTY, NORTH DAKOTA, a
Municipal Corporation, Appellant.

(205 N. W. 678.)

**Pleading — sham and irrelevant answers may be stricken by court: court
must decide whether they present issues of fact; but issue of fact not
open to inquiry.**

1. Sham and irrelevant answers and defenses may be stricken on motion,
pursuant to § 7451, Comp. Laws, 1913; on such motion the court must decide
whether the answer or defense presents an issue of fact, but the issue of fact
itself is not open to inquiry.

**Pleading — motion to strike pleading or defense as sham should be granted
only where falsity clearly appears.**

2. Motion to strike a pleading or a defense as sham is not looked on with
favor and should be granted only where the falsity clearly appears.

**Pleading "sham answer or defense" and "irrelevant answer or defense"
defined.**

3. A sham answer or defense is one good in form, but so false in fact that
no real issue is presented; an irrelevant answer or defense, within the purview
of the statute, is one that has no substantial relation to the controversy.

Opinion filed October 22, 1925.

Pleading, 31 Cyc. p. 622 n. 74; p. 623 n. 87; p. 625 n. 96; p. 628 n. 20, 21; p.
634 n. 79.

Appeal from the District Court of Cass County, *Cooley, J.*

From an order granting motion to strike parts of the answer on the
ground of sham and irrelevancy.

Judgment modified and affirmed as modified.

*M. A. Hildreth,* for appellant.

*Harry Lashkowitz,* for respondent.

JOHNSON, J. This is an appeal made from an order of the district
court of Cass county, granting plaintiff's motion to strike certain por-

Note.—(1) Motion to strike out sham and irrelevant answer, see 21 R. C. L.
596 et seq.

tions of the defendants answer upon the ground that the same were "sham, irrelevant, redundant, defective and not defensive matter." The defendant filed an affidavit from which it appears that the answer interposed and the matters stricken therefrom were made in good faith and without intention to delay or embarrass the plaintiff in his effort to recover on his cause of action.

Section 7451, Comp. Laws, 1913, reads:

"Sham and irrelevant answers and defenses may be stricken out on motion and upon such terms as the courts may in their discretion impose."

The statute puts sham and irrelevant answers and defenses under the ban. A sham answer or defense is one good in form but so false in fact, that no real issue is presented; and an irrelevant answer or defense is one that has no substantial relation to the controversy. The irrelevancy contemplated by the statute is, in some essentials, the same as impertinency under the old chancery system—undue prolixity of detail in the recital of material matters, or the allegation of facts not constituting a defense. On motion to dismiss on the ground of sham, the court must decide whether the answer or defense presents an issue of fact, but the issue of fact itself is not open to inquiry.

"The motion to strike out a pleading or a defense as sham is not looked on with favor and will be granted only where the falsity clearly appears, since the truth or falsity of a pleading is ordinarily to be tried to a jury with full opportunity for producing, examining and cross examining witnesses." 31 Cyc. 628. Although an answer or defense may be sham even when offered in good faith, it is pertinent to mention that the defendant filed an affidavit which clearly negatives bad faith in interposing the defensive matter stricken from the answer. No counter affidavit was filed. The record before us is devoid of evidence suggesting falsity in the allegations of the answer. The contrary affirmatively appears. The motion to strike on the ground of sham should have been denied. Was any of the matter stricken irrelevant? We think so.

A brief summary of the pleadings is necessary to an understanding of the issues. The plaintiff alleges that he is an architect by profession and that the defendant school district, by a resolution of the board duly adopted, engaged his services in the preparation of plans and

specifications for the construction of a school house, at a total cost of about $44,500; that contemporaneously with the passage of the resolution it was orally agreed between the plaintiff and the defendant that plaintiff be compensated for his services at the rate of 3½ per cent of the cost of the building in accordance with a written contract to be thereafter drawn up and executed by the parties. It is then alleged that the plaintiff complied with the terms of the employment, prepared the plans and specifications and delivered the same to the defendant, which has at all times retained the same.

To this complaint the defendant answered denying generally the allegations of the complaint not specifically admitted. In the second, third, fourth, fifth, sixth, and seventh paragraphs of the answer, certain allegations were made which became the object of attack by motion to strike, and it is from the order striking such allegations that this appeal is taken.

In the second paragraph of the answer it is alleged that the officers had no authority to make the contract with the plaintiff and that the same was ultra vires. This, it is true, may be a legal conclusion, but the allegation is a part of a sentence and a paragraph which sets up a good defense. Moreover, facts may be proved on the trial showing such want of authority. This matter is neither sham nor irrelevant, within the statute, and should not have been stricken.

The first part of the third paragraph, all of which was stricken, consists of a specific denial that the defendant passed a resolution authorizing, or by any vote authorized, the plaintiff to make the plans and specifications. This allegation is not so redundant as to amount to irrelevancy and should not have been stricken. The remainder of the paragraph consists of averments relating to an injunction procured in the district court of Cass county, prohibiting the defendant from building any school house or school building in the district. It appears, however, from the allegations that this judgment was entered subsequent to the time when the contract was made with the plaintiff, as alleged in the complaint. In the fourth paragraph of the answer it is alleged that this judgment has not been released or modified and is binding on the defendant, and that, therefore, the district had no authority to enter into a contract or arrangement with the said plaintiff. These allegations are clearly irrelevant. If a valid contract had been

entered into between the plaintiff and the school district prior to the judgment restraining the district from proceeding with building operations, it is not perceived that any such judgment would necessarily impair the rights of the plaintiff under his contract. We hold this matter irrelevant and properly stricken from the answer.

In the fifth paragraph, also stricken, it is alleged that the village of North Fargo, of which the territory embraced within the defendant school district was a portion, had been annexed to the city of Fargo *at the time of the commencement of this action,* and that the defendant school district pursuant to such annexation proceedings was annexed to it and became a part of the special school district of the city of Fargo. These allegations raise no issue and are not relevant to any point in controversy. The rights of the plaintiff, assuming a valid contract with the defendant, could not be affected by the annexation proceedings. The question of his remedy and of proper parties defendant is not involved. In the sixth paragraph, likewise stricken, the defendant alleges that it opposed the annexation proceedings, and that, by reason of the annexation which took place "the said contract became and was unenforceable against the defendant herein," and that the defendant corporation has been "released from any obligations under said contract." Manifestly, these allegations are legal conclusions, some of which are unsound. Assuming a valid contract the rights of the plaintiff thereunder could not be impaired or destroyed by the annexation proceedings. We think, however, that the defendant should be permitted to prove the facts with reference to the annexation to the end that the court may determine the legal effect thereof, if any, upon the continued existence of the defendant as a public corporation. The matter alleged may foreshadow a defense, and if it be open to reasonable argument whether a defense is alleged, the motion to strike should be denied. The fifth and sixth paragraphs should not have been stricken.

In the seventh paragraph it is alleged that it was at all times beyond the power of a school district to erect a building at a cost of $44,500; this allegation alone is a legal conclusion. It is immediately thereafter alleged that the "board of the said common school district No. 96, did not at any time authorize the construction of said school house, referred to in plaintiff's amended complaint, and did not authorize by

resolution or vote or in any manner or for the employment of the said plaintiff for the purpose of preparing plans and specifications for the erection of a school house in said school district No. 96." As has been pointed out before, the specific allegations of the complaint as to the resolution were put in issue by the general denial. Otherwise, this allegation in the answer would be not only relevant, but would raise a material issue. The only officials with authority to bind the school district in the circumstances were the members of the school board and if that body did not authorize the employment of the plaintiff, manifestly no valid contract of employment was ever made and the plaintiff cannot recover. All this could be proved under the general denial and the court could, on motion, under statutes providing that "redundant" as well as "irrelevant" matter may be stricken, purge the pleading of the allegations. 31 Cyc. 634; Biedler v. Philadelphia, B. & W. R. Co. 31 Del. 452, 114 Atl. 869; Cole v. Hawley, 95 Conn. 587, 111 Atl. 892. See also the California and the New York cases. Our statute does not provide that matter which is merely redundant—unnecessary —but which is not also irrelevant—having no relation to any issue in controversy may be stricken on motion. Here the facts alleged are clearly relevant, but the objection is that they could have been proved under the general denial. We do not think that the allegations, even if redundant, are redundant and irrelevant. They should not have been stricken.

The judgment of the trial court is modified accordingly and as herein modified it is affirmed. Defendant to recover the costs of this appeal.

CHRISTIANSON, Ch. J., and BIRDZELL, and NUESSLE, JJ., concur.

BURKE, J., not participating.