## NEW HAVEN METAL AND HEATING SUPPLY CO.
### *vs.*
## WILLIAM E. FLANAGAN, ET ALS.

Superior Court      New Haven County      File No. 55569

### MEMORANDUM FILED JUNE 20, 1939.

*Alexander Winnick*, of New Haven, for the Plaintiff.

*Franklin Coeller*, of New Haven; *James E. McKnight*, of Waterbury, for the Defendants.

O'SULLIVAN, J.   Three of the seven defendants in this action have demurred to a cross complaint the object of which is to litigate controversies among some of the defendants.   Of these controversies, those set forth in the first and third counts of the cross complaint are concerned with the same transaction upon which the complaint is predicated.   Whether that set forth in the second count may also be so characterized becomes of no moment, because the demurrer is addressed to the entire cross complaint.   In such a situation, if any one of the counts is good, the demurrer is bad.   *Cole vs. Hawley*, 95 Conn. 587, 594.

The position of the demurrants is that the cross complaint is improper because it attempts to solve quarrels among the defendants rather than to invoke some right which is directed at the plaintiff.   Their claim is, therefore, that a cross complaint is never allowable where it seeks relief, not from the plaintiff, but only from a codefendant.

However, this is not the law.   A cross complaint may be addressed by one defendant against the plaintiff, or a codefendant, or even against a third party summoned to appear at the pleader's request.   As long as the cross complaint relates to the transaction upon which the main case is founded, it may

with propriety be filed and pressed. In other words, it must be germane to the complaint. Independent and unrelated causes of action against codefendants can never be litigated by .cross actions. *Hunter vs. First Nat'l. Bank of Fort Wayne*, 172 Ind. 62, 87 N.E. 734; *Cotten vs. Halverson*, 201 Iowa 636, 207 N.W. 795; *Hunter vs. Porter*, 10 Ida. 72, 77 Pac. 434.

As the causes set forth in the first and third counts flow from the events described in the complaint, the demurrer must be overruled.