VLADIMIR M. ILLYN

*vs.*

UNITED AIRCRAFT CORPORATION
(VOUGHT-SIKORSKY AIRCRAFT DIV.) ET AL.

Superior Court      Fairfield County      File No. 66636

MEMORANDUM FILED NOVEMBER 9, 1943.

*Edward J. McCarthy,* of Bridgeport, for the Plaintiff.

*Wiggin & Dana,* of New Haven, for the Defendant.

O'SULLIVAN, J.   The demurrer to the complaint raises the question, presented in various forms, whether an employee, who is also a member of a union having a collective bargaining agreement with the employer, must exhaust the remedies provided for in the agreement before seeking the assistance of a court in protecting his rights under the agreement.

It appears from the complaint that on April 21, 1942, the aircraft company and a union affiliated with the C.I.O. entered into what is commonly called a collective bargaining agreement regulating the terms and conditions of employment of those hired by the company.

Among other provisions is one recognizing the right of the employer to discharge any employee for cause but giving to the latter "the right to appeal his discharge" and then continuing, that if it is found that he was "discharged without good cause", he "shall receive full pay for the time he would have normally worked." The agreement further sets up various machinery to handle the grievances of an employee. This machinery need not be detailed.   It is ample to say that pro-

vision is made for successive steps to be taken by the employee, and which involve the employer and the union.

After his discharge, the plaintiff, claiming to be aggrieved, began to take the steps required by the bargaining agreement but was unable to get the employer and the shop committee of the union to take certain action which the agreement contemplated. Accordingly, he brought this action, which the employer maintains is premature, in as much as the plaintiff has not exhauted all remedies available under the agreement.

It becomes unnecessary to discuss the various theories which support an employee's position in claiming rights under the agreement. *See Rentschler vs. Missouri Pacific R. R. Co.,* 126 Neb. 493, 253 N.W. 694, 95 A.L.R. 1; *Baron vs. Kurn,* 349 Mo. 1202, 164 S.W. (2d) 310, 142 A.L.R. 787; *Teller, Labor Disputes and Collective Bargaining* (1940) §154 *et seq.* Each party to the demurrer recognizes for present purposes not only the validity of the agreement but the right of the plaintiff to take advantage of its benefits.

The problem, then, is merely as to the prematurity of this action. In deciding the matter, I rely mainly on *Moore vs. Illinois Central R. R. Co.,* 312 U.S. 630, wherein it is held that the right of a workman to sue a railroad company for wrongful discharge is not dependent upon prior exhaustion of his administrative remedies under the Railway Labor Act (44 Stat. 577, as amd. 48 Stat. 1185, 45 U. S. C. §151 *et seq.*). The reasoning of that opinion is applicable to the situation in this case. There is nothing in the agreement which purports to take away from the courts jurisdiction to determine a controversy over the plaintiff's wrongful discharge or to demand that the machinery set up shall first be used before the filing of a suit. *Rentschler vs. Missouri Pacific R. R. Co., supra.*

Accordingly, the demurrer to the complaint is overruled.

The aircraft company has likewise demurred to the prayers for relief. Had the demurrer been aimed solely at the first prayer, it would have been sustained. However, it is directed at the demand for damages as well, and while it may be a technical position to take, I apply the same rule to a demurrer to the relief as I do to one to the complaint, namely, if a complaint in its entirety is demurred to and it contains one

good and one bad cause of action, the demurrer should be overruled. *Cole vs. Hawley,* 95 Conn. 587, 594. *See, also,* Practice Book (1934) §98.

The demurrer to the relief is overruled.