## DUNNINGTON v. FIRST ATLANTIC NAT. BANK OF DAYTONA BEACH.

### No. 13674.

United States Court of Appeals
Fifth Circuit.

April 15, 1952.

---

2. For the former rule, see Red Cross Line v. Atlantic Fruit Co., 264 U.S. 100, 44 S.Ct. 274, 68 L.Ed. 582.

---

Olin E. Watts, William A. Hamilton, Jacksonville, Fla., for appellant.

Edward McCarthy, Jacksonville, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal from a summary judgment entered on defendant's motion, as all other such appeals do, presents for our decision the single question whether, on the record[1] before him, the district judge was right in holding: that there was no genuine issue as to any material fact; and that defendant was entitled to judgment as a matter of law.

In explanation of his judgment, the district judge filed this memorandum:

"The plaintiff's conduct, and not that of the defendant, was the cause of the penalty, interest and attorney's fees for which plaintiff seeks recovery. The defense of 'participation and concurrence' is clearly made out on plaintiff's admissions and upon his undisputed conduct. The position taken by him throughout his course of dealings with defendant resulted in the losses he now seeks to recover. There is no issue for a jury."

Appellant, focusing his attack upon the reason given in the memorandum for the entry of the judgment, insists: that the judge erred, in failing to apply controlling principles of law, and in concluding that there was no genuine issue as to any material fact; and that a judgment for defendant was demanded as matter of law.

Appellee, addressing itself primarily to sustaining the ground for the judgment, assigned in the memorandum, puts forward as its second point: that defendant obtained and acted upon the advice of counsel; and that it, therefore, acted prudently as a matter of law since, whether the advice was wise or unwise, it was not patently wrong.

Upon the issues thus joined on appeal, appellee, in support of the first contention, that a beneficiary or principal cannot complain of an act of his trustee or agent in which he himself has participated or concurred, cites: Bogert on Trusts, Vol. 4, Sec. 941, p. 134; ibid, Vol. 3, Sec. 602, p. 146; 2 Scott on Trusts, Sec. 216, p. 1149,

---

1. This is the record:

Brought by one of two sons, heirs at law of Robert H. Dunnington, the decedent, against the defendant as administrator of his estate, the suit was for the penalty, interest, and attorneys' fees which plaintiff had been compelled to pay as a result of the claimed negligence of the defendant in failing to file a timely estate tax return.

The defenses were: a denial that defendant was negligent; and affirmative defenses: (1) that defendant's action had been taken upon and in accordance with the advice of competent legal counsel; (2) that the penalties and interest liability incurred was the result of plaintiff's own conduct in connection with his receipt of certain property from the decedent and the plaintiff's failure to disclose either to the defendant or the taxing authorities that such transfers had been made and facts concerning the description or value of such transferred property; and (3) that the settlement made with the United States was agreed to by defendant only because plaintiff induced it to do so.

After several depositions had been taken, defendant, on Aug. 22nd, and plaintiff, on November 1, 1950, filed motions for summary judgment on the pleadings, the depositions, the witnesses, and the exhibits. Each motion alleged that there was no genuine issue as to any material fact and that the movant was entitled to judgment as matter of law.

Plaintiff, on November 1, 1950, filed in opposition to defendant's motion for summary judgment, his own affidavit, containing a lengthy recital of his own conduct with reference to the estate, the defendant and the tax authorities, the affidavit of the tax counsel representing plaintiff and the defendant in the tax controversy, and an affidavit of an account executive of Merrill-Lynch, etc. as to values on Sept. 13, 1943, of Horn and Hardart Co. stock.

and cases; Oellien v. Galt, 150 Mo.App. 537, 131 S.W. 158; A.L.I.Restatement, "Trusts", Sec. 216(1), p. 609; Turner v. Fryberger, 99 Minn. 236, 109 N.W. 229. It insists that any one of reasonable mind is bound, on this record, to conclude: that the appellant's own conduct was the basis and the cause of the penalty, interest and attorney's fees of which he complains; that the defense of participation and concurrence was made out by appellant's own conduct and admissions; and that there was no issue on which a jury could have found otherwise.

Upon the second contention, that, having obtained and acted upon advice of counsel, the administrator acted prudently as matter of law, appellee cites Strong v. West, 110 Ga. 382, 35 S.E. 693; Kaufman v. Kaufman, 292 Ky. 351, 166 S.W.2d 860, 144 A.L.R. 866; Hatfried, Inc. v. Commissioner, 3 Cir., 162 F.2d 628; and similar cases such as Haywood Lumber & Mining Co. v. Commissioner, 2 Cir., 178 F.2d 769.

Appellant, contesting both appellee's statement of the law and his conclusion as to the necessary result of the facts, cites in support of his claim, that the summary judgment was wrongly entered: (1) many cases holding that all doubts as to the existence of a genuine issue as to a material fact must be resolved against the person moving for a summary judgment;[2] and (2) authorities holding that advice of counsel is not a defense as matter of law.[3] Planting himself firmly upon them, he insists that, upon the controlling principles of law and the facts of record, the case was not one for summary judgment, the entry of a compelled conclusion on undisputed facts. It was one requiring a trial in which not only the acts and conduct, but the motives for those acts and that conduct, could

be searched out and the proper inferences drawn as can only be done upon a trial.

█ Of the opinion: that the case is not one for summary judgment; and that in the event of another trial the legal principles which should be applied to the facts as they appear are sufficiently settled and clear, we shall not undertake at this time to express our opinion either upon the law or upon the tendency of the facts. Contenting ourselves with holding merely that no case for summary judgment was made out, either for plaintiff or for defendant, we order the judgment reversed and the cause remanded for further and not inconsistent proceedings.

---

**2.** Weisser v. Mursam Shoe Corp., 2 Cir., 127 F.2d 344; Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016; Lewis v. Atlas Corp., 3 Cir., 158 F.2d 599; Purity Cheese Co. v. Frank Ryser Co., 7 Cir., 153 F.2d 88; Hoffman v. Partridge, 84 U.S.App.D.C. 224, 172 F. 2d 275; Winter Park Telephone Co. v. Southern Bell Tel. & Tel. Co., 5 Cir., 181 F.2d 341.

**3.** Bogert, Trust and Trustees, Sec. 541;

In re Bullion, 87 Neb. 700, 128 N.W. 32, 35, 31 L.R.A.,N.S., 350, where the Nebraska Court said:

"The authorities amply demonstrate that an administrator cannot shield himself from responsibility by stating that he followed the advice of his counsel." Cox v. Williams, 241 Ala. 427, 3 So.2d 129; Bucki & Son v. Atlantic Lumber Co., 5 Cir., 121 F. 233.