[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO DISMISS
The plaintiff Peter Andrighetti originally filed this action to foreclose a mechanic's lien placed on the defendant's real property. The summons accompanying the original complaint named Peter Andrighetti as the plaintiff. The complaint, however, named Andrighetti Sons, Inc. as the plaintiff. The original complaint was then withdrawn on April 4, 1992 and a new action with a summons specifying the plaintiff as Andrighetti Sons, Inc. was served. On April 1, 1992, however, the defendant had filed an answer, special defense and counterclaim.
The plaintiff Peter Andrighetti now moves to dismiss the defendants' counterclaim, answer, and special defenses claiming that Mr. Andrighetti was mistakenly listed as the plaintiff in the summons, but was never actually a party to the case.
"The withdrawal of an action after a counterclaim, whether for legal or equitable relief, has been filed therein shall not impair the right of the defendant to prosecute such counterclaim as fully as if said action had not been withdrawn . . ." Connecticut Practice Book 169; see also Connecticut Practice Book 116. Therefore, the defendants' answer, special defenses, and counterclaim filed prior to the withdrawal of the original complaint are properly in this case.
Additionally, a counterclaim may be filed against CT Page 7870 any party who appears on a summons. See New Haven Metal and Heating Supply Co. v. Flanagan, 7 Conn. Sup. 195 (1939) (a crossclaim may be addressed to any party summoned to appear).
Further, 175 of the Connecticut Practice Book allows a plaintiff to correct any defect in his writ or complaint within thirty days after the return date. In the instant matter, defendants appeared and filed a request to revise within thirty days after the return date, and plaintiffs' counsel failed to file any corrective amendment within said thirty day period.
Accordingly, plaintiffs' motion to dismiss is denied.
JOSEPH H. GOLDBERG, SENIOR JUDGE