[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO STRIKE BY TOWN OF STAFFORDAND MICHAEL HURCHALA, DOG WARDEN OF THE TOWN
In this action a complaint was brought against two State Troopers, the State, the Dog Warden of the Town of Stafford, and the Town of Stafford. Counsel for the Dog Warden and the Town have filed separate motions to strike raising the defenses of governmental immunity and the statute of limitations. This pro se plaintiff has filed several objections to the motions to strike which refer to facts and accusations of impropriety not contained on the four corners of the complaint. This plaintiff's pro se status, however, does not relieve him of the obligation of complying with our rules of practice and he should realize that the court must test the motions to strike by referring solely to the contents of the complaint. If the defendants prevail, then the plaintiff would have the right to plead over after the motion to strike in an attempt to allege facts which are legally sufficient to support a claim. CT Page 10720
I will discuss both the Town's motion to strike and that of the Dog Warden in one memorandum of decision.
It is of course true that the facts alleged in the complaint are to be construed in the most favorable way to the plaintiff,Amodio v. Cunningham, 182 Conn. 80, (1980).
 I.
The issue of the statute of limitations may be determined on the complaint if all the facts necessary to resolve the matter are apparent on the record according to the court in Abate v.Barkers of Wallingford, 27 Conn. Sup. 46, 48. However, the case Abate relies on is Vilcinskas v. Sears Roebuck Co., 144 Conn. 170
(1956), and at page 171 that case made clear that a demurrer would be a proper way to raise the defense if the parties agree that the complaint sets forth all the facts necessary to resolve the issue. That is certainly not the case here. Also, the statute of limitations can be addressed by means of a motion to strike if the complaint purports to anticipate such a plea and to overcome its effect by the allegations in the complaint. O'Connor v.Waterbury, 69 Conn. 206, 210 (1897); Badezky v. Sargeant Co.,77 Conn. 110, 114 (1904); Cole v. Hawley, 95 Conn. 587, 594
(1920); Bombard v. Girard, 6 Conn. Cir. 590, 597-598 (1971), gives a good explanation for this rule. In any event, the complaint does not purport to do that here. Therefore, the court will deny the motion to strike in the case against Mr. Hurchala, the Dog Warden and in that of the Town of Stafford insofar as they are based on the grounds that the statute of limitations bars this action.
 II.
It has been held that in the appropriate case a court can entertain a motion to strike raising the defense of sovereign or governmental immunity as long as the issue can be resolved within the four corners of the complaint as a question of law. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1988); Brown v.Branford, 12 Conn. App. 106, 110 (1981).
The court will first discuss the governmental immunity defense raised by Mr. Hurchala, the Dog Warden, and then that defense as raised by the Town of Stafford.
(a)
CT Page 10721
The general law on governmental immunity has been explained in the case of Gauvin v. New Haven, 187 Conn. 180, 184 (1982).
 "A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action."
Concerning public officials there are three exceptions to this rule. Even where the duty to act by the official is discretionary he or she can still be subject to liability if (1) it is apparent to the official that failure to act would subject an identifiable person to imminent harm, (2) there is a statute that provides for a cause of action for failure to enforce certain laws, (3) where the complaint alleges an action involving malice, wantonness, or intent to injure rather than negligence.Shore v. Stonington, 187 Conn. 147, 154 (1982).
The warden here was basically performing enforcement activity analogous to that of a police officer.
An officer is protected from liability for the good faith but negligent exercise of his or her judgment and it has been held that an officer's mere omission to discharge his or her duty — nonfeasance — usually creates no liability. See MunicipalCorporations, McQuillan, Vol. 16A, §§ 45.20, 45.27.
The basis of this complaint appears to be the alleged improper issuance of a restraining order under § 22-358(c) of the General Statutes which authorizes a town's canine control officer to issue restraining orders when a person claims to have been bitten by a dog.
The complaint alleges that Mr. Hurchala, the canine control officer made certain "claims" regarding the location of the incident of a dog bite which occurred in July of 1989. The plaintiff apparently denies his dog bit someone off his property and from reading the allegations of other counts in the complaint appears to say that at the time of the dog biting incident his dog was in fact chained to his dog house. CT Page 10722
In the first count it is alleged a Stacey Floto was the alleged victim of the dog bite. The Fourth Count against Mr. Hurchala which is the subject of the motion to strike also alleges in paragraph 8 that Hurchala conspired with a Larry Floto "to bilk Mr. Lebrun out of a large sum of money." According to paragraph 12 of the First Count Stacey Floto is the daughter of Larry Floto.
The decision on whether or not to issue a restraining order under the statute seems to be a clearly discretionary act and the allegations of the complaint don't suggest the contrary because they can't suggest anything otherwise. In what is probably dicta the court in Wright v. Brown, 167 Conn. 464, 471-472 (1975) indicated that the initial determination of whether to quarantine a dog is a discretionary act even if the later decision to release the dog from the quarantine before the required holding period is not.
As noted, the only basis for liability against an official in Mr. Hurchala's position under the facts of this case would have to rest on an allegation that he acted with malice, wantonness, or intent to injure, see case previously cited and also Wadsworthv. Middletown, 94 Conn. 435, 439 (1920); Stiebitz v. Mahoney,144 Conn. 443, 449 (1957).
This complaint does say in the Fourth Count, paragraph 8, that Hurchala somehow conspired with Larry Floto "in this incident" to bilk the plaintiff out of money. If it was explicitly alleged with an appropriate factual basis that Floto conspired with Hurchala so that the restraining order be issued and set forth with particularity how this alleged conspiracy operated or functioned to "bilk" Mr. Lebrun out of money, it might very well withstand a motion to strike. But that isn't true here and the court cannot speculate as to facts outside the record to support some such theory. In other words, in this complaint it is not made clear how any conspiracy between Hurchala and Floto had anything to do with the issuance of the restraining order or how such a conspiracy was geared to bilk Lebrun out of any money.
Based on the allegations made in this complaint the court will grant the motion to strike as to the Fourth Count.
The Fifth Count is directed toward the Town of Stafford, the employee of Mr. Hurchala and is based on the factual allegations CT Page 10723 of the Fourth Count. Therefore, this Fifth Count is also stricken.
Corradino, J.