THE NATIONAL CASH REGISTER COMPANY, Appellant, *v.* REMINGTON ARMS COMPANY, INC., Respondent.

Contract — master and servant — appeal — seal — covenant in contract of employment for assignment to employer of inventions made by employee within year following termination of employment — when plaintiff not deprived of remedy of specific performance merely because relief sought may be deemed inequitable — Court of Appeals has no power to review decision of Appellate Division on question of fact — finding of Appellate Division, on evidence from which the inference was permissible, that by a new contract plaintiff relinquished its claim for inventions, conclusive — argument that old contract was under seal and could not be abrogated by parol not effective where new contract was acted upon by both parties.

1. Where defendant has conceded that if a covenant in a contract between plaintiff and an employee, to the effect that the latter would assign and transfer to plaintiff any invention in cash registers which he might make during the period of one year following the termination of his employment, was effective at the time the employee left plain-

tiff's employ, the latter is entitled to the relief claimed unless barred by laches, the trial court has so found and the Appellate Division has not disturbed the finding, and no finding of laches has been made, it follows, as matter of law, that plaintiff is not deprived of the remedy of specific performance merely because the relief sought may be deemed to be so inequitable that the Appellate Division might in its discretion refuse the drastic relief granted by the trial court.

2. If, however, the question at issue is one of fact on which different minds might well reach different conclusions on the merits, this court has no power to review the decision of the Appellate Division. The jurisdiction of the Court of Appeals in civil cases is still limited by section 589 of the Civil Practice Act to the review of questions of law, and in this case it cannot be said as matter of law that the finding of the Appellate Division was unsupported by evidence.

3. Where plaintiff to be entitled to the relief sought, which is an assignment of certain patents, was bound fairly to establish that its original contract with said employee was still in force and binding and there is evidence from which the inference is reasonable and permissible that by a new contract it was the intention of the parties that the employee should give up a definite term of employment for an employment at will and that plaintiff voluntarily relinquished its claim on him for inventions, made after leaving its employment, and the Appellate Division has so found, its conclusion must be sustained.

4. An argument that even if this were the intention of the parties it was not put into legal form; that the old contract was under seal and could not be abrogated by parol, does not affect the result. The new contract as to employment at will was acted upon by both parties; the employee was to that extent excused from performance of the original contract and it would be inequitable to hold him to its terms or to charge defendant with liability thereunder for inventions of the employee which he had assigned to it.

*National Cash Register Co.* v. *Remington Arms Co.*, 212 App. Div. 343, affirmed.

(Argued December 17, 1925; decided February 24, 1926.)

APPEAL from a judgment, entered April 8, 1925, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint.

*Charles E. Hughes, Edward H. Green* and *De Lano Andrews* for appellant. If it is the true construction of the contract of February 17, 1909, that the provision relating to the assignment of inventions which Fuller might make within one year following the termination of his employment referred not simply to the period following the first year's employment, but to the period following the actual cessation of his employment and the severance of his connection with the plaintiff, it is determinative of this case. (*Lamborn* v. *National Park Bank*, 240 N. Y. 520; *Solomons* v. *United States*, 137 U. S. 342; *Annin* v. *Wren*, 44 Hun, 352; *Standard Parts Co.* v. *Peck*, 264 U. S. 52; *Hulse* v. *Bonsack Machine Co.*, 65 Fed. Rep. 864; *Wege* v. *Safe Cabinet Co.*, 249 Fed. Rep. 696; *Mississippi Glass Co.* v. *Franzen*, 143 Fed. Rep. 501; *McCall Co.* v. *Wright*, 198 N. Y. 143; *Mutual Milk & Cream Co.* v. *Heldt*, 120 App. Div. 795; *Wallach Laundry System, Inc.*, v. *Fortcher*, 116 Misc. Rep. 712.) Even if the agreement by its own terms was not effective when Fuller left, it was effective through renewal. (*Adams* v. *Fitzpatrick*, 125 N. Y. 124; *Stern & Co.* v. *Avedon & Co.*, 194 App. Div. 433; 231 N. Y. 546.)

*John A. Garver, Drury W. Cooper, Frank M. Patterson, George Ramsey* and *Chauncey B. Garver* for respondent. If the finding of the Appellate Division has any evidence to sustain it, it is decisive of the appeal, and the order and judgment must be affirmed, because this court is not at liberty to disregard it. (*Ostrom* v. *Greene*, 161 N. Y. 353; *Costello* v. *Costello*, 209 N. Y. 252; *Ga Nun* v. *Palmer*, 216 N. Y. 603; *Villard* v. *Villard*, 219 N. Y. 482.) The finding is amply supported by the evidence. (*Watson* v. *Gugino*, 204 N. Y. 535.) Where a sealed contract has been partially performed pursuant to the terms of a parol modification, such modification is effective and cannot afterwards be repudiated. (*McKenzie* v. *Harrison,* 120 N. Y. 260; *Thomson* v. *Poor*, 147 N. Y.

402; *Harris* v. *Shorall*, 230 N. Y. 343.) By the terms of the contract, before the plaintiff could enforce the one-year covenant against Fuller or his successor, or his assignee, it was bound to show that it was willing to continue Fuller's employment at the rate of compensation he was then receiving. (5 Pom. Eq. Juris. [4th ed.] § 2227; *Colson* v. *Thompson*, 2 Wheat. [U. S.] 336.) A general or indefinite hiring means a hiring at will, which can be terminated at any time by either party without previous notice to the other. This is so, even though the compensation is measured by the year or by a shorter period. (*Martin* v. *N. Y. Life Ins. Co.*, 148 N. Y. 117; *Watson* v. *Gugino*, 204 N. Y. 535; *Schuyler* v. *Smith*, 51 N. Y. 309; *U. M. Realty Co.* v. *Roth*, 193 N. Y. 570.)

Pound, J. This is an action to compel assignment of patents. The material facts are briefly as follows: Plaintiff employed an experienced inventor named Fuller at a $5,000 salary for one year from February 17, 1909. Fuller agreed to transfer to plaintiff all cash register mechanisms made by him during his employment, and if at the end of the contract he left plaintiff's employ, plaintiff being willing to retain him on the then existing salary, not to enter the service of any other cash register company for the year immediately following the severance of his connection with plaintiff, and to assign to plaintiff any invention in cash registers which he might make during such one-year period. He continued in plaintiff's employ until September, 1917, when he left and went into the employment of defendant, which was fully informed of Fuller's contract with plaintiff. Within a year he perfected the invention of a new cash register which was assigned to defendant. Plaintiff asserts its right to such invention. Defendant asserts that the contract was no longer in effect. The Special Term granted judgment against defendant for the relief sought.

The Appellate Division reversed, made new findings and dismissed the complaint.

Defendant made the concession that if the covenant in the contract between plaintiff and Fuller, dated February 17, 1909, to the effect that Fuller would assign and transfer to plaintiff any invention in cash registers which he might make during the period of one year following the termination of his employment, was effective at the time Fuller left plaintiff's employ, plaintiff is entitled to all the inventions claimed by it made by Fuller while in defendant's employ unless plaintiff is barred by laches. The trial court so found and the Appellate Division did not disturb the finding. No finding of laches is made. It follows as matter of law that plaintiff is not deprived of the remedy of specific performance merely because the relief sought may be deemed to be so inequitable that the Appellate Division might in its discretion refuse the drastic relief granted by the trial court. (*Dalzell* v. *Dueber Mfg. Co.*, 149 U. S. 315, 325.)

If the question as to whether the contract was effective when Fuller left plaintiff's employment was one of fact on which different minds might well reach different conclusions on the merits, this court has no power to review the decision of the Appellate Division. The jurisdiction of the Court of Appeals in civil cases is still limited by the Civil Practice Act (§ 589) to the review of questions of law although under the new Judiciary Article of the Constitution (Art. VI, § 7) this restriction may be removed by the Legislature where the Appellate Division on reversal makes new findings of fact and renders final judgment thereon.

The law does not look with special favor on such covenants. (*Kaumagraph Co.* v. *Stampagraph Co.*, 235 N. Y. 1.) Plaintiff, to be entitled to the relief sought, was bound fairly to establish that the original contract was still in force and binding upon Fuller. The Appellate Division has found:

" IV. The plaintiff refused to renew or extend the said contract of February 17, 1909, or to give the said Fuller a contract for any duration of time; and subsequent to March 14, 1910, and prior to May 25, 1910, the plaintiff entered into a new contract with said Fuller, by the terms of which it was agreed that his employment should be at will, terminable by either party at any time without previous notice, and upon terms and conditions sub-stantially the same as those contained in the said contract of February 17, 1909, but without any restriction upon the right of the said Fuller to enter the employment of another cash register company immediately upon the termination of his employment with the plaintiff, and without any obligation on his part to assign to the plain-tiff any inventions made by him during the year following the termination of his employment with the plaintiff, unless such inventions constituted improvements depend-ing for utility on inventions made by the said Fuller during his employment by the plaintiff."

The question is whether there is any evidence to support the finding that the continued employment was not subject to the restriction contained in the original contract and that such restriction was not in force when Fuller left the plaintiff.

Shortly after the expiration of the term of the original contract, Fuller applied to Muzzy, a representative of the plaintiff who was in charge of his employment, with the request for a new term contract. This request was refused. It is not questioned that Fuller was, when he left plaintiff, employed at will even though his employ-ment for the second year might have been held to be under the old contract had the question then arisen. Nothing was said about the abrogation of the original contract except as to its term. Fuller was free to go when and where he pleased. Plaintiff was not bound to keep him for a definite term. In September, 1917, some six years after the new arrangement was made, Fuller was

hired away from plaintiff by defendant by the allurement of an increased salary and a large bonus in the event of success, to invent a new cash register for it. This he succeeded in doing within the year. The inference that he was free to do this must be found, if at all, in one significant fact. After the new arrangement was made, Fuller was called upon to execute and did execute an assignment in a form annexed to the 1909 contract but not executed with it, presumably because not pertinent to its terms, of all cash register inventions made or to be made *while in the employ of plaintiff.* This instrument did not include inventions made by Fuller for the period of a year after leaving such employment. The inference is reasonable and permissible from all the circumstances that it was the intention of the parties that Fuller should give up his definite term of employment for an employment at will and that plaintiff voluntarily relinquished its claim on him for inventions, made after leaving the employment. The learned trial justice took the view that this was merely a confirmatory assignment. The Appellate Division took the contrary view of its effect. It is confirmatory only in part. The conclusion is sustained that the new employment was to supersede the old employment; that the old contract was to this extent, at least, no longer in effect, and that the assignment was thereafter the measure of Fuller's duty to plaintiff.

The contention is made that even if this were the intention of the parties it was not put into legal form; that the contract of 1909 was under seal and could not be abrogated by parol. (*Cammack* v. *Slattery & Bro.,* 241 N. Y. 39.) But the new contract as to employment at will was acted upon by both parties; Fuller was to that extent excused from performance of the original contract and it would be inequitable to hold him to its terms (*Harris* v. *Shorall,* 230 N. Y. 343) or to charge defendant with liability thereunder.

The point is whether from the facts and circumstances

of the case the existence of the particular fact found may be legitimately deduced or inferred. We cannot say as matter of law that the finding of the Appellate Division was unsupported by the evidence.

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; CARDOZO, J., not voting.

Judgment affirmed.