MARTIN L. MURRAY
*vs.*
A. F. HOLDEN CO. ET AL.

Superior Court      New Haven County      File No. 64439

MEMORANDUM FILED MARCH 8, 1944.

*Watrous, Gumbart & Corbin,* and *James W. Cooper,* of New Haven, for the Plaintiff.

*John R. Thim,* of New Haven, for the Defendants.

MUNGER, J.   The case in substance presents these facts: The plaintiff was a salesman of the defendant company, which company in a general way was engaged in the wire industry. The plaintiff signed a contract with the defendant company, Exhibit A.  This contract, as appears by its terms, required the plaintiff to disclose to the defendant "and to none other, any trade secret, method, process, invention, or patent which I now possess or may make or acquire during a period (comprising my employment) and two years thereafter, embracing, embodying, or relating to any device, apparatus, method, process, composition, or material being useful for or in the manufacture or in the use of any kind of a heat treating bath for metals, also furnaces, or any product used or produced by" the defendant company.

In the contract, Exhibit A, plaintiff further agreed as follows: "I do hereby and will assign the entire rights, titles, and interests I now have or may have during said period in such trade secret, method, process, or invention, and all patent rights therein to said Artemus F. Holden."  The contract further provides that the plaintiff would "not disclose to

others anything relating to the business methods or technical matters of said company."

The plaintiff seeks a declaratory judgment as to the validity of this contract and in this suit claims that the contract is invalid and unreasonable.

Paragraph 9 of the complaint has the following allegation: "The plaintiff remains out of employment in the field in which he has worked for approximately forty years, and is hindered, deterred, and prevented from obtaining such employment by reason of the restrictions contained in said agreement, Exhibit A."

The plaintiff left the employ of the defendant company and entered that of the American Cyanamid Chemical Corporation of New York, entering into an agreement with it, as appears by Exhibit B. The plaintiff was suspended from this employment.

At the outset the question arises whether or not the plaintiff comes into court with anything more than an academic issue. This arises from the fact that despite the allegation of paragraph 9 of the complaint above quoted, the plaintiff testified upon the trial explicitly that he had not attempted to seek any new employment. It does not appear therefore that the provision in the agreement, Exhibit A, did in fact prevent him from securing employment, and particularly from securing employment as a salesman. However that may be, the parties have joined in asking the court for a declaratory judgment, and in view of the situation the court will decide the validity of the contract.

In substance, the claim of the plaintiff is that the contract is invalid, that the court should so declare and should enjoin the defendants from enforcing it.

I think the claim of the plaintiff cannot be sustained. The plaintiff in his brief cites various cases in support of his claim that the contract is invalid. I have examined them with interest and I cannot see that they do in fact support the plaintiff's claims. We may briefly note these cases outlined in the plaintiff's brief:

*National Cash Register Co. vs. Remington Arms Co.*, 242 N.Y. 99, 151 N.E. 144, 145. This was a case involving the

specific performance of a contract to assign a patent. The decision rested upon the following finding: The finding of the Appellate Division that employee had been released from the contract reserving to employer inventions made within one year after leaving employment held supported by the evidence.

*Club Aluminum Co. vs. Young,* 263 Mass. 223, 226, N.E. 804, 806, was a case where there was a restrictive covenent or agreement for one year. The court said: "The use of trade or business secrets gained through employment may properly be made the subject of restrictive agreements."

In *Taylor Iron & Steel Co. vs. Nichols,* 73 N.J. Eq. 684, 69 Atl. 186, there was presented an agreement unlimited as to time and place. The court said that a contract requiring the employee to hold inviolate the treatment, processes, and secrets known to or used by him in the works of the employer, which is unlimited as to time and place, will not be enforced.

In *Dutch Cookie Machine Co. vs. Vande Vrede,* 289 Mich. 272, 286 N.W. 612, the plaintiff was denied relief because there were not involved trade secrets within employment contract requiring employee not to divulge manufacturer's secrets.

In *Steinfeld vs. Hausen,* 180 Misc. (N.Y.) 295, 40 N.Y.S. (2d) 683, there was presented the covenant of a real estate salesman not to open a real estate office or accept employment in any office within 20 square blocks from the employer's office for one year after termination of the contract. The covenant was held enforceable as reasonably limited in time and area. The court further said that a real estate salesman's covenant in his contract of employment by a broker that he would not disclose any information obtained while in such employment concerning any real estate or clients after termination of the contract was unenforceable as too broad in that it was not limited to trade secrets, secret lists of customers, or other confidential information.

The court said of contracts similar in character to that in the present case: "The test is whether the agreement, under the circumstances of the particular case, taking into consideration the nature of the business, the situation of the parties and other relative circumstances, is reasonable and necessary for the protection of the employer's business, and not so unreasonable as to impose undue hardship on the employee."

The plaintiff discusses the case of *Guth vs. Minnesota Mining and Mfg. Co.,* 72 F. (2d) 385, but in no manner does this case support the plaintiff's contention since there was in that case an unlimited contract. In that case the contract obligated the employee to assign "all my rights to inventions which I have made or conceived, or may at any time. hereafter make or conceive, either solely or jointly with others, relating to abrasives, adhesives or related materials, or to any business in which said company during the period of my employment by said company or by its predecessor or successor in business, is or may be concerned." In refusing to enforce the contract the court said (p. 388): "we are convinced that those provisions of the contract which were limitless in extent of time and in subject matter of invention were contrary to public policy."

The court further said, in referring to the employee (p. 388): "Under this contract he was, however, if he worked in another laboratory or for another manufacturer, required to assign his discoveries to appellee. This would effectively close the doors of employment to him. Until the end of the chapter he was compelled either to work for appellee or turn over the children of his inventive genius to it. Such a contract conflicts with the public policy of the land."

The enforcement of a restrictive contract which involves no limitation as to time or space presents a very different question from that which arises in the instant case where there is a reasonable limitation of two years, involving also a contract for the protection of trade secrets and secret processes used by the employer.

In our own State the court has clearly held that contracts which restrict the employee only to such an extent that they are not unreasonable must be enforced. In a very recent case, *May vs. Young,* 125 Conn. 1, 6, the court stated: "Agreements by which an employee undertakes not to enter a competing business or employment on leaving his employer's service are reasonably necessary for the protection of the employer's business. Under such agreements parties obtain employment on certain terms which prevent them, on leaving that employment, from making use of knowledge which they have acquired during that employment to the detriment of their employer. *Middleton vs. Brown,* 47 L.J. Ch. 411, 412; 13 C.J. 485. When the character of the business and the nature

of the employment are such that the employer requires protection for his established business against competitive activities by one who has become familiar with it through employment therein, restrictions are valid when they appear to be reasonably necessary for the fair protection of the employer's business or rights, and do not unreasonably restrict the rights of the employee, due regard being had to the subject-matter of the contract and the circumstances and conditions under which it is to be performed. Especially if the employment involves the imparting of trade secrets, methods or systems and contacts and associations with clients or customers it is appropriate to restrain the use, when the service is ended, of the knowledge and acquaintance, so acquired, to injure or appropriate the business which the party was employed to maintain and enlarge. 6 R.C.L., pp. 805, 806. The employer is entitled to contract for and to enforce protection against unfair competition made dangerous by the use of weapons placed by him in his employee's hands during his service and which may be turned against him, such as the knowledge of trade secrets or other confidential information or an acquaintance with his employer's customers and their requirements, resulting from the nature of the employee's services, which is regarded as a species of good will in which the employer has a proprietary interest."

I quote from the defendant's brief a statement which seems to me to be extremely pertinent: "The Holden agreement does not, in any way, restrict him from employment in many of the fields in the wire industry in which he has worked for many years." The facts appearing upon the trial of the case amply support this statement. The various cases cited by the defendant support the contention that this contract cannot be declared to be invalid. I have examined them with care. *Conway vs. White,* 9 F. (2d) 863; *Wege vs. Safe-Cabinet Co.,* 249 F. 696; *Thibodeau vs. Hildreth,* 124 id. 892; *Wark vs. Ervin Press Corp.,* 48 F. (2d) 152.

Upon the trial the plaintiff expressly conceded that the contract in issue did not require the plaintiff to disclose or assign to the defendants any knowledge of any trade secret or process which did not originate with him. The defendants claim only that the contract must be held to be valid for their own protection. It is not claimed that it should receive any construction which would permit the plaintiff or require him

to reveal the secrets of a future employer, and the defendants say in their brief: "The defendants have never claimed, nor will they claim, that this contract requires the employee to reveal the trade secrets of a future employer."

I think in as much as this statement of the defendant's position is clearly made that it may well be appropriate to insert this fact in the judgment since it will only carry out the declared position of the defendants.

I am constrained to find that the contract, Exhibit A, is reasonable, valid and enforceable.

It must be further found that this contract does not require the plaintiff to reveal the trade secrets or processes of any future employer or any knowledge of any processes which do not originate with him. To this effect judgment must be rendered for the defendants.

A judgment file may be prepared by the parties and submitted to the court.