HELEN M. MANJUCK, ADMINISTRATRIX (ESTATE OF MILDRED KAHN) v. THE STAMFORD HALL COMPANY ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 76429

Memorandum filed May 20, 1948.

*Louis Altman,* of Stamford, for the Plaintiff.

*Cummings & Lockwood,* of Stamford, special appearance.

*Day, Berry & Howard,* of Hartford, for G. Griffin & F. Mills.

KING, J.   The complaint, as made more specific, in effect alleges, inter alia, that at some unstated time prior to September 7, 1945, the defendants, by fraud and deceit, induced the plaintiff's decedent to enter their private insane asylum upon the false representation that it was an institution for the treatment of respiratory illnesses, and that thereafter (between September 7 and October 2, 1945) the defendants, by further fraud and deceit, kept her there against her will upon further representations that they were communicating with her relatives for her release as she requested; that she died on September 2, 1946, and that the plaintiff was appointed her administrator on September 18, 1947.

The defendants have demurred on two grounds.   The first ground of demurrer is based on the claim that the cause of action is barred by General Statutes, Sup. 1943, § 731g.   The basic section is § 1680c, Cum. Sup. 1935, which provided a one-year Statute of Limitation for any action to recover damages for injury to the person, or to real or personal property, "caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon . . . hospital or sanatorium." No change material to the present controversy was made in § 731g, in effect when the present action accrued.

The cause of action here is one for fraud in securing the plaintiff's entry into the institution as well as further fraud in her detention thereafter.   At least some part of the damages are claimed to flow from each tort.

The question of the Statute of Limitations can in no event be successfully raised by demurrer unless it appears on the face of the complaint that the applicable Statute of Limitations has run.

*Persky* v. *Puglisi,* 101 Conn. 658, 666. And where, as here, the demurrer runs against the entire complaint it must be overruled if any part of the complaint is not barred by the applicable statute. General Statutes § 5507; Practice Book § 97; *Thompson* v. *Main,* 102 Conn. 640, 641.

The defendants claim that § 731g applies to any action to recover damages for injury to the person. This claim is without merit. The over-all limitation for a tort action is three years. Cum. Sup. 1935, § 1677c. But if the action is for negligent (as distinguished, for example, from intentional) injury to person or property, § 1680c (now § 731g) carves it out from torts in general and reduces the time to one year. *Miner* v. *McNamara,* 82 Conn. 578, 580; *Sharkey* v. *Skilton,* 83 Conn. 503, 507. The 1935 amendments do not change this fundamental rule. Prior to 1935, § 6006 provided a six-year limitation for tort actions unaccompanied with force and § 6011 a three-year limitation for trespass to person or property. In 1935 the over-all limitation for torts (whether or not unaccompanied with force) was made three years, and, so, § 6011 was repealed as no longer necessary. Section 6015, providing a one-year limitation for negligence actions (whether for injury to person or to personal property) was retained, although broadened to include real property and the above-quoted words with respect to actions of wanton or reckless misconduct or malpractice. The whole of § 731g was carved out from tort actions in general as negligence actions had been previous to 1935. As already stated, the claim of the defendants that all tort actions for injury to the person or to personal property are now limited to one year is unsound and contrary to the historical development of the statutes.

The cause of action here is substantially the same as that set forth in *Boardman* v. *Burlingame,* 123 Conn. 646, 651. It was then governed by § 6006, and it is now governed by its successor, § 1677c, unless it is an action involving only reckless or wanton misconduct or malpractice, in which case the defendants correctly claim that it is governed by § 731g. In the *Burlingame* case no one claimed that the action was for malpractice. Id., 648. The defendants here claim that this is an action for wanton or reckless misconduct or for malpractice. But even if this is so as to some of the matters which might be proved, it is not clear, as previously pointed out, that the complaint is not broad enough to permit proof of facts which would not constitute either reck-

less or wanton misconduct or malpractice. And insofar as that is the case the general tort statute (§ 1677c) governs. *Morris Plan Industrial Bank* v. *Richards,* 131 Conn. 671, 675. The claim here is certainly not in negligence, nor for wanton or reckless misconduct, as such. Neither is it restricted to breach of an implied contract to cure. As worded it is broad enough to permit proof of fraudulent conduct which is beyond the scope of wanton or reckless misconduct or of malpractice as the terms are used in this jurisdiction. *Rogers* v. *Doody,* 119 Conn. 532, 534; *Giambozi* v. *Peters,* 127 Conn. 380, 382. The mere fact that a physician, hospital and inmate are involved does not make any tort committed against the patient malpractice, much less reckless or wanton misconduct. As drawn, the complaint would permit proof of a tort (fraudulent misrepresentations) entirely disconnected with any honest attempt to safeguard, treat or cure, and far afield from mere reckless or wanton misconduct. Thus it would fall outside the ambit of § 731g.

For this reason the demurrer, even if generaly correct, would not reach the entire cause of action alleged and so could not properly be sustained.

The second ground of demurrer is that the action was not brought within one year from the date of death of plaintiff's decedent, as required by § 6027. This statute does not reduce the time within which an action might have been brought had the plaintiff survived. It adds one year from the date of death to the time otherwise allowable. *Leahy* v. *Cheney,* 90 Conn. 611, 613. Since, as already pointed out, the complaint is broad enough to permit proof of an action for fraud and deceit, which, had the decedent survived, would not have been barred until three years after September 7, 1945, (§ 1677c) the action would not yet be barred even without the provision of § 6027 providing that "such term [of one year from date of death] shall be excluded from the computation" of the period of limitation (three years) otherwise applicable.

In an action of this kind the precise date alleged is immaterial. It is necessary, consequently, for the defendants to raise the defense of the Statute of Limitations in the usual manner by a special defense under Practice Book, § 104. This is a further, over-all reason why the demurrer must be overruled. *Sage* v. *Hawley,* 16 Conn. 106, 111; *Bulkley* v. *Norwich & Westerly Ry. Co.,* 81 Conn. 284, 286.

Some reference was made in each brief to another action brought during the decedent's lifetime. Since it is admitted that it was withdrawn before trial, it is wholly irrelevant to the present action. *Baker* v. *Baningoso,* 134 Conn. 382, 387.

For the foregoing reasons the demurrer is overruled on all grounds.