MAE DILLON v. HOWARD MILLOT

SUPERIOR COURT        MIDDLESEX COUNTY        FILE No. 10400

Memorandum filed December 21, 1949.

*Bailey & Wechsler,* of Hartford, for the Plaintiff.

*Thomas W. Flood,* of Middletown, for the Defendant.

KING, J. The plaintiff sues for damages for personal injuries received in an automobile collision which took place on November 29, 1947. At some unknown time subsequent to the accident but obviously prior to July 1, 1948, the motor vehicle operator claimed to have been at fault died, and on that date the defendant was appointed administrator, qualified, and has since been acting as such. On September 24, 1948, the plaintiff presented a claim for damages for such injuries which was disallowed on August 4, 1949. The present action was instituted on September 19, 1949.

The defendant administrator demurs "because the action was not commenced within the statutory period allowed for negligence actions."

In the first place the demurrer is fatally defective for generality, in that it fails in any way to refer to the Statute of Limitations relied upon. While it is probable that General Statutes § 8324 is referred to this cannot, in a demurrer, be left to conjecture. § 7814.

Secondly, the demurrer is based upon the ground that "the action was not brought within the statutory period [whatever it may be] allowed for negligence actions" whereas it is clear from paragraph 4 of the complaint that reckless misconduct is also claimed. *Heslin* v. *Malone,* 116 Conn. 471, 475. It follows that the demurrer is also fatally defective in that it does not in terms atack the entire complaint but only one of the two causes of action therein set forth. It is immaterial that the same limitation of time applies both to an action for reckless misconduct and to one for negligence where, as here, the demurrer does not refer to the particular statute involved but only to the "statutory period allowed for negligence actions." *Manjuck* v. *Stamford Hall Co.,* 15 Conn. Sup. 434.

In a tort action the precise date alleged is immaterial, and the defense of the Statute of Limitations must be raised by a special defense. Id., 437; Practice Book § 104.

Since situations arise, such as absence from the state, which prevent the Statute of Limitations from running, the defense of the statute must be specially set up in the answer in order that the plaintiff may have an opportunity, in a reply, to plead the matter claimed to bar the running of the statute. Because the statute operates to bar the remedy rather than to extinguish the cause of action, the plaintiff is under no burden to put into his complaint matters in avoidance of the running of the statute. If, and when, the statute is pleaded, the plaintiff is first called upon to make such allegations. This is another reason why the Statute of Limitations should not be passed upon by demurrer unless matters in avoidance of it have been voluntarily inserted in the complaint. *Cole* v. *Hawley,* 95 Conn. 587, 594; *Radezky* v. *Sargent & Co.,* 77 Conn. 110, 114.

The running of the general Statute of Limitations (whatever it was) was suspended between the death of the decedent (whenever that was) and the appointment of a fiduciary on July 1, 1948. *Mason's Appeal,* 75 Conn. 406, 408. It was also suspended for the further period of the time limited for the presentation of claims (which would be from six to twelve months) less any portion of that period which had not expired at the time of notice of disallowance. § 6995. It was also suspended for the further period of four months from the date of the disallowance. *Roberts* v. *Coffing,* 52 Conn. 118, 140, 142; *Hewitt* v. *Beattie,* 106 Conn. 602, 609; Cleveland, Hewitt & Clark, Probate Law & Practice, § 219.

It is impossible to determine from the complaint when the decedent died or what the period of limitation for presentation of claims was. It does appear that suit was brought within four months after notice of disallowance. It cannot be said that evidence might not be offered within the purview of the allegations of the complaint showing that the Statute of Limitations had not run. It follows that the demurrer must be overruled. *Folwell* v. *Howell,* 117 Conn. 565, 568.

In the plaintiff's trial brief it appears that reliance is also placed on § 8332. For the reasons hereinbefore pointed out, the demurrer must be overruled, thereby obviating any necessity for consideration of this latter claim at this time. However, it may be well to suggest that where § 8332 is relied upon it would seem that the allegations necessary to bring the matter within the purview of that statute should appear either by anticipation in the complaint or in the reply to a defense of the Statute of Limitations, in order that the defendant might, if he chose, plead to them. *Baker* v. *Baningoso,* 134 Conn. 382, 387.

It is hardly necessary to point out that we are not here concerned with the special limitation in our wrongful death statute (§ 8296) involved in the case last cited. Here the plaintiff is still alive.

For the foregoing reasons the demurrer is overruled.