ARTEMAS F. HOLDEN ET AL. *v.* CROWN CHEMICAL CORPORATION ET AL.

SUPERIOR COURT        NEW HAVEN COUNTY        FILE NO. 79207

Memorandum filed July 14, 1954.

*Wells & Murphy,* of New Haven, for the plaintiffs.

*Archibald G. Marshall,* of Branford, for the defendants.

House, J. In this action there are two plaintiffs—Artemas F. Holden and The A. F. Holden Company, a corporation. In brief, the complaint alleges that the defendant Solakian was first employed by Holden, individually, in a business which employed trade secrets in its manufacturing process. Solakian entered into an agreement with Holden in which he acknowledged that Holden's business methods were confidential and its technical matters secret and agreed not to disclose to others anything relating to the business methods or technical matters, agreed to disclose to his employer (who was doing business under a trade name) "and/or" the plaintiff Holden and to none other any trade secret which Solakian then possessed or might make or acquire during his employment and for two years thereafter, and to assign to plaintiff Holden the entire right, title and interests which he might have during such period in such trade secret. It is alleged that Solakian during his employment acquired knowledge of trade secrets belonging to the plaintiffs. Holden assigned all the assets and good will of the business he conducted as an individual to the plaintiff corporation. It is alleged that the defendant Solakian has disclosed and is disclosing the trade secrets he acquired while Holden's employee and an employee of the corporation to businesses in competition with the corporation. Plaintiffs seek an injunction against such disclosures and further equitable relief.

The defendants have demurred to the complaint claiming the contract was never entered into between the corporation and Solakian but between Holden individually and Solakian; that the contract afforded Holden no right to assign it or the rights of personal service thereunder; that it appears from the complaint that the A. F. Holden Company (which was the business individually conducted by Holden under a trade name) went out of business in 1938; that Holden by the terms of the contract

"had no rights in defendant Haig Solakian" two years after the termination of his employ with Holden as an individual or company. A further ground of demurrer is that since May, 1940 (two years after the Holden Company ceased to do business following the incorporation of the business and its continuance as a corporation), all rights under the contract terminated and plaintiffs' right of action is barred by the six-year Statute of Limitations under the provisions of § 8315 of the General Statutes.

A demurrer only lies to test the sufficiency of an entire cause of action. *Baker & Bennett Co.* v. *Puklin,* 101 Conn. 163. If a cause of action could be proven under the allegations of the pleading, it is good and a demurrer does not lie. The sufficiency of the allegations as against the demurrer are to be tested by the facts provable under them and in considering the allegations they will be given the same favorable construction that a trier might deem itself required to give in admitting evidence under them to prove a cause of action. *Rutt* v. *Roche,* 138 Conn. 605, 609; *Blakeslee* v. *Board of Water Commissioners,* 106 Conn. 642, 649; *Bassett* v. *Foster,* 116 Conn. 29, 31. Upon a demurrer, a pleading which sets forth a written agreement is to be tested not only by the writing itself but also by the facts which are provable under the allegations. *Riverside Coal Co.* v. *American Coal Co.,* 107 Conn. 40, 45.

It is important to note that one of the plaintiffs is the same Holden who was doing business under a company name, with which Solakian entered the contract, while the other is the corporation to which he assigned the assets of the business he had individually conducted. Under the allegations of the complaint it is open for the plaintiffs to prove not only an assignment of the company's rights under the contract to the corporation, but for Holden as an in-

dividual plaintiff to enforce the contract. While the defendants stress the employment and service features of the contract, the agreement to keep trade secrets secret is an essential element of the agreement and such an agreement may be assigned as an asset of the business. *Torrington Creamery, Inc.* v. *Davenport,* 126 Conn. 515, 521. An agreement such as that here involved is valid and enforceable. *Murray* v. *A. F. Holden Co.,* 12 Conn. Sup. 419.

There appears little merit in the contention of the defendants' fifth paragraph of the demurrer. Certainly the language of the contract is not so clearly open to the interpretation which the defendants claim as to permit on a demurrer an acceptance of the interpretation that the plaintiff Holden had no rights in the defendant Solakian two years after the termination of his employment. The contrary would appear to be the case—that the two-year period refers to what secrets must be kept, not to a time after which Solakian would be free to disclose secrets. In any event, the matter is not so clearly open to the interpretation claimed by the defendants that it may be the basis of upholding a demurrer.

Paragraph 6 of the defendants' demurrer improperly attempts to raise the Statute of Limitations. The statute should not be passed upon by demurrer to the complaint unless matters in avoidance of it have been voluntarily inserted in the complaint. *Dillon* v. *Millot,* 17 Conn. Sup. 1; *Cole* v. *Hawley,* 95 Conn. 587, 594; *Bulkley* v. *Norwich & W. Ry. Co.,* 81 Conn. 284.

The demurrer is overruled.