NATIONAL BROADCASTING COMPANY, INC. *v.*
RUFUS ROSE

SUPERIOR COURT          NEW LONDON COUNTY          FILE No. 29255

Memorandum filed June 11, 1963

*D'Amore & Jacobson,* of Bridgeport, for the plaintiff.

*Bascom & O'Brien,* of New London, for the defendant.

HOUSE, J. The plaintiff's complaint, dated February 19, 1963, as made more specific, is in a single count. In brief, it alleges that on or about April 23, 1961, the plaintiff entrusted certain personal property to the custody, care, possession and control of the defendant to be kept by him for the plaintiff, and that due to the negligence of the defendant the property was destroyed by fire. The specific negligence is alleged, and it is further alleged that the defendant "failed to properly care for said puppets, stage props and costume accessories in accordance with the terms and conditions of his bailment." Paragraph 6 of the complaint alleges that "[a]s a result of the negligence, neglect and breach of the bailment by the defendant" the property was damaged, to the loss of the plaintiff.

The defendant has demurred to the complaint, claiming that the cause of action is barred by § 52-584 of the General Statutes, which provides for

a one-year limitation on actions brought for damage caused to personal property by negligence. The demurrer must be overruled. The Statute of Limitations should not be passed upon by demurrer to the complaint unless matters in avoidance of it have been voluntarily inserted in the complaint. *Cole* v. *Hawley,* 95 Conn. 587, 594; *Bulkley* v. *Norwich & W. Ry. Co.,* 81 Conn. 284; *Holden* v. *Crown Chemical Corporation,* 19 Conn. Sup. 85, 88; *Dillon* v. *Millot,* 17 Conn. Sup. 1; see also *Vilcinskas* v. *Sears, Roebuck & Co.,* 144 Conn. 170; *Hitchcock* v. *Union & New Haven Trust Co.,* 134 Conn. 246.

The demurrer is otherwise insufficient. Although the present complaint is in only one count, it appears sufficiently broad to set forth both a cause of action in tort for injury to the property and a cause of action for breach of the contract of bailment. In fact, both causes appear to be alleged in the complaint. " 'It is a familiar principle that a bailor may sue his bailee for the latter's conversion of the thing bailed.' . . . The bailee is also liable for injuries to the thing bailed caused by negligence. Under our practice the two causes of action may be joined in one complaint." *Wells* v. *Active Automobile Exchange, Inc.,* 99 Conn. 523, 529. "[F]requently the violation by the bailee of some duty or obligation imposed upon him by the bailment is not only a breach of his contract, but also a tort. In such a situation, as a general rule, the bailor may elect to affirm the contract and, waiving the tort, bring his action ex contractu, or he may abandon the contract and proceed against the bailee in an action ex delicto." 6 Am. Jur. (Rev. Ed.), Bailments, § 346; see also *Douglass* v. *Hart,* 103 Conn. 685, 690; *Broderick* v. *Torkomian,* 107 Conn. 99. In the present complaint, the plaintiff has not made any such election, nor has he even divided his complaint into counts. As the complaint stands, it is

open to proof of causes of action both in tort and in contract.

The demurrer is addressed to the complaint as a whole. Since the complaint is broad enough to permit the proof of a cause of action for breach of the contract of bailment as well as a tort and the demurrer reaches only the tort, it cannot be sustained. *Barrett* v. *Air Reduction Co.*, 19 Conn. Sup. 500, 504; *Dillon* v. *Millot*, 17 Conn. Sup. 1; *Rutt* v. *Roche,* 138 Conn. 605, 608.

The demurrer is overruled.